UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-4-PLR-HBG |
| STEVEN E. KNICELEY and GILBERT WYATT, | ) ) ) | *Lead Case Consolidated with* |
| Defendants, | ) ) | |
| STEVEN E. KNICELEY and TARA KNICELEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-CV-24-PLR-HBG |
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, and GILBERT WYATT, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 39], filed on April 12, 2017. The Motion requests that Attorney Jon Cope be permitted to withdraw as counsel of record for Plaintiffs Steven Kniceley and Tara Kniceley. The Motion explains that there has been a lack of communication between the Plaintiffs and their counsel, which substantially effects counsel's

preparations in proceeding with this case. The Motion includes the Plaintiffs' address and telephone number. Further, Attorney Cope states that the Motion was sent to the Plaintiffs fourteen days prior to filing.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Cope's Motion to Withdraw [**Doc. 39**] complies with the Local Rules, and it is hereby **GRANTED**. The Court expects Attorney Cope to provide copies of any relevant documents to any future counsel for the Plaintiffs or directly to the Plaintiffs upon request. Attorneys Cope is **RELIEVED** of his duties as counsel in this case.

The Plaintiffs are hereby **ADMONISHED** that they are **DEEMED** to be proceeding *pro se* in their prosecution of damages, *See* No. 3:16-cv-24. Until they obtain substitute counsel, it is their obligation to stay up to date on the status of this case and to comply with the deadlines set by the Court. Likewise, if they elect to proceed in this case without an attorney, they are responsible

for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiffs, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Plaintiffs at the address provided in the Motion to Withdraw and to update ECF accordingly.

    **IT IS SO ORDERED.**

                        ENTER:

                        United States Magistrate Judge