UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-4-PLR-HBG |
| STEVEN E. KNICELEY and GILBERT WYATT, | ) ) ) | *Lead Case Consolidated with* |
| Defendants, | ) ) ) | |
| STEVEN E. KNICELEY and TARA KNICELEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-CV-24-PLR-HBG |
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, and GILBERT WYATT, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendants' Objection to Plaintiff's Expert Witness Disclosure [Doc. 34] and the Plaintiff's Motion to Modify Scheduling Order and Extend Discovery Deadline [Doc. 38]. The parties appeared before the Court on April 28, 2017, for a motion hearing.[1]

---

[1] The Court will issue a separate order on the remaining Motions [Docs. 37, 40, 46, and 47].

Attorneys David C. Hollow, Harry Stephen Gillman, and M. Christopher Coffey appeared on behalf of the Plaintiffs. Attorney Hannah Lowe appeared on behalf of Defendants Steven Kniceley and Gilbert Wyatt.[2]

As an initial matter, the Court notes that the hearing was also set to address Plaintiff's Motion to Amend [Doc. 37], Plaintiff's Request for Entry of Default [Doc. 40], Plaintiff's Motion to Strike Answer [Doc. 46], and Defendants' Motion to Amend [Doc. 47]. During the hearing, the Plaintiff orally moved to amend his Motion to Amend [Doc. 37] in order to allege additional reasons, which were recently discovered, for requesting punitive damages. The Court permitted the Defendants time to file a written response to the Plaintiff's oral motion. The Defendants **SHALL** file their response to the oral motion on or before **May 5, 2017.**

With respect to the Defendants' Objection [Doc. 34], the Defendants argue the Plaintiff's expert disclosures were untimely and should be stricken. The Defendants submit that Plaintiff's expert disclosures were due 150 days before trial, which was March 3, 2017, and that Plaintiff made his disclosures on April 3, 2017.

The Plaintiff responds [Doc. 35] that it was impossible to comply with the March 3 deadline due to Defendants' delay in providing discovery. The Plaintiff asserts that the Defendants refused to allow an inspection of the Defendants' motor vehicle or the electronic module data, which necessitated a hearing with the Court. The Plaintiff argues that the Court ordered the Defendants to fully respond to discovery and to allow the inspection. The Plaintiff explains that his expert completed the inspection on March 22, 2017. Further, the Plaintiff asserts that any treating medical experts listed by the Plaintiff were known to the Defendants because they were listed in the medical records.

---

[2] In *Kniceley et al., v. Osborne*, No. 3:16-cv-24, Steven Kniceley and Tara Kniceley are proceeding *pro se*. They did not attend the hearing.

The Court finds the Defendants' Objection [Doc. 34] not well-taken. As the Plaintiff has argued, the Defendants did not respond to discovery in a timely fashion and the inspection of the vehicle and electronic module data did not occur until March 22, 2017, after the deadline for expert disclosures. Under the circumstances, the Court finds that the Defendants have not been prejudiced. Accordingly, the Defendants' Objection to Plaintiff's Expert Witness Disclosure [**Doc. 34**] is **DENIED**.

With respect to the Motion to Modify Scheduling Order and Extend Discovery Deadline [Doc. 38], the Plaintiff requests until July 3, 2017, to complete discovery in this case. The Motion states that the parties agree that discovery in this case cannot be completed by May 3, 2017, which is the current discovery deadline. At the hearing, the Defendants stated that they do not object to the Plaintiff's request. Accordingly, the Plaintiff's Motion to Modify Scheduling Order and Extend Discovery Deadline [**Doc. 38**] is well-taken, and it is **GRANTED**. The deadline to complete all discovery shall be extended to **July 3, 2017**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge