UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-4-PLR-HBG |
| STEVEN E. KNICELEY and GILBERT WYATT, | ) ) ) | *Lead Case Consolidated with* |
| Defendants, | ) ) ) | |
| STEVEN E. KNICELEY and TARA KNICELEY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-CV-24-PLR-HBG |
| CARL C. OSBORNE, Surviving Spouse and Next of Kin of Deceased, JANICE K. OSBORNE, and GILBERT WYATT, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions: (1) Plaintiff's Motion to Amend [Doc. 37], (2) Plaintiff's Request for Entry of Default [Doc. 40], (3) Plaintiff's Motion to Strike [Doc. 46], and (4) Defendant Steven Kniceley's Supplemental Objection and Response in Opposition to Request for Entry of Default, Motion to Amend Answer to Amended Complaint or in the

Alternative Motion for Enlargement of Time to File Answer to Amended Complaint [Doc. 47] (hereinafter, "Motion to Amend Answer"). The parties appeared before the Court on April 28, 2017, for a motion hearing. Attorneys David C. Hollow, Harry Stephen Gillman, and M. Christopher Coffey appeared on behalf of the Plaintiff. Attorney Hannah Lowe appeared on behalf of Defendants Steven Kniceley and Gilbert Wyatt.[1]

Accordingly, for the reasons more fully explained below, the Court **GRANTS** the Plaintiff's Motion to Amend [**Doc. 37**] and Defendant Knicely's Motion to Amend Answer [**Doc. 47**] and **DENIES** the Plaintiff's Request for Entry of Default [**Doc. 40**] and the Plaintiff's Motion to Strike [**Doc. 46**].

**I.     POSITIONS OF THE PARTIES**

The Court will first summarize the parties' positions with respect to the Plaintiff's Motion to Amend and then turn to the matters involving the Plaintiff's Request for Entry of Default.

**A.     Motion to Amend**

The Plaintiff moves [Doc. 37] to amend his Complaint to add a claim for punitive damages because Defendant Kniceley was driving at an extreme speed at the time of the incident. The Plaintiff asserts that the deadline to amend pleadings was March 3, 2017, pursuant to the Scheduling Order in this case, but certain electronic module data from the Defendants' vehicle was not provided until March 6, 2017. The Plaintiff attached his proposed Amended Complaint in compliance with Local Rule 15.1.

Defendants Kniceley and Gilbert Wyatt filed a Response [Doc. 41] objecting to the Motion. The Defendants assert that the Motion was not timely filed pursuant to the Scheduling Order and that the proposed amendment is futile. The Defendants submit that an allegation of driving at an

---

[1] In *Kniceley, et al. v. Osborne*, No. 3:16-cv-24, Steven Kniceley and Tara Kniceley are proceeding pro se. They did not attend the hearing.

excessive speed does not rise to the level of conduct required under Tennessee law to support a claim for punitive damages.

The Court notes that during the motion hearing, the Plaintiff orally moved to allege an additional reason to support his claim for punitive damages. The Defendants were given until May 5, 2017, to file a written response to the oral motion. The Defendants did not file a response.

### B. Request for Entry of Default

The Plaintiff requests an entry of default pursuant to Federal Rule of Civil Procedure 55(a). In support of his request, the Plaintiff relies upon the Affidavit of Stephen Gillman, which states that the Complaint was served on defense counsel on December 30, 2015, and that Defendant Kniceley failed to file a responsive pleading.

Defendant Kniceley filed a Response [Doc. 43] objecting to the Plaintiff's request. The Response states that the failure to plead was due to a clerical error in defense counsel's office and that while an Answer was filed on behalf of co-Defendant Wyatt, the same was not filed on behalf of Defendant Kniceley. Defendant Kniceley submits that Defendant Wyatt's Answer is consistent with his (Defendant Kniceley's) Complaint that was filed in the consolidated action. Further, Defendant Kniceley argues that the Plaintiff has not shown prejudice, he (Defendant Kniceley) has a meritorious defense, and that there was no culpable conduct in this case.

The Plaintiff filed a Reply [Doc. 45] asserting that Defendant Kniceley failed to file an answer or responsive pleading in over 455 days since service of the Complaint. The Plaintiff states that Rule 55 requires the clerk to enter a default. The Plaintiff argues that the Amended Complaint was filed on July 12, 2016, which is almost seven months following the service of the original Complaint against Defendant Kniceley. The Plaintiff asserts that Defendant Kniceley has not offered an explanation as to the failure to file an answer in the seven months after he was served

with the original Complaint and that "it is difficult to fathom that the failure to [a]nswer or otherwise defend this matter in that time period could have been a 'clerical error.'" [Doc. 45 at 3]. The Plaintiff also contends that Defendant Kniceley has been late in responding to discovery requests and that the default "should be formally noted on the record." [*Id.* at 6]. Further, the Plaintiff argues that while Defendant Kniceley references certain factors that the Court should consider, *i.e.,* prejudice, meritorious defense, and culpable conduct, such factors are appropriate when considering motions to set aside the default. Finally, the Plaintiff argues that there has been prejudice, the Defendant has not offered any facts to support a meritorious defense, and that the significant delays in this case establish the culpable conduct.

The Court notes that on April 14, 2017, Defendant Kniceley filed an Answer [Doc. 42]. Subsequently, the Plaintiff moved to strike [Doc. 46] the Answer on grounds that the Plaintiff had already requested entry of default and that Defendant Kniceley did not obtain leave of Court before filing the Answer.

Finally, Defendant Kniceley filed a Motion to Amend [Doc. 47]. In his filing, Defendant Kniceley further explains the clerical error that resulted in his failure to file an Answer. In addition, he argues that he has not failed to plead or otherwise defend this action. Defendant Kniceley asserts that there is good cause to deny the requested default in this matter. In the alternative, he requests that the Court either grant time to file an Answer to the Amended Complaint or grant an amendment to the Answer [Doc. 24] that was filed on behalf of Defendant Wyatt in order to reflect that the filing is made on behalf of Defendant Kniceley.

## II.     ANALYSIS

The Court will first address the Plaintiff's Motion to Amend and then turn to the filings related to the Plaintiff's Request for Entry of Default.

### A. Motion to Amend

As noted above, during the hearing, the Plaintiff orally moved to amend his Motion to Amend [Doc. 37] in order to allege an additional reason, which was recently discovered, for requesting punitive damages. The Court permitted the Defendants until May 5, 2017, to file a written response to the Plaintiff's oral motion. The Defendants did not file a response. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

The Court has considered the parties' positions in the filings, and given the liberality of Federal Rule of Civil Procedure 15(a)(2), the Court will allow the Plaintiff to amend his Complaint to allege the additional allegations, including the allegation presented at the motion hearing. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). While the Defendants argue that the Motion to Amend the Complaint is untimely under the Scheduling Order, the Court notes that the untimely Motion was the result of Defendants' delay in responding to discovery. Accordingly, the Plaintiff's Motion to Amend [**Doc. 37**], including the oral motion made at the hearing, is **GRANTED**.

### B. Request for Entry of Default

The Plaintiff requests that the clerk enter default against Defendant Kniceley because he did not file a responsive pleading to the Complaint. Defendant Kniceley submits that the mistake was due to a clerical error and that he has been defending this action.

Pursuant to Federal Rule of Civil Procedure 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Advisory Committee Note to the 2007 Amendments explain that "[a]cts that show an intent to defend have frequently prevented

a default even though not connected to any particular rule." Further, while the Rule states that the "clerk must enter," courts have noted that they have the "power to enter an order of default and Rule 55 is not a limitation thereof." *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (noting that "an entry of default may be made by either the clerk or the judge").

In the present matter, this case was removed [Doc. 1] to this Court on January 5, 2016. Defendant Kniceley did not file a responsive pleading. On July 12, 2016, the Plaintiff filed an Amended Complaint [Doc. 18] adding Defendant Wyatt and alleging that Defendant Wyatt owned the vehicle that Defendant Kniceley was operating at the time of the incident. On August 3, 2016, Defendant Wyatt filed an Answer to the Amended Complaint [Doc. 24], and later, on October 6, 2016, Defendant Wyatt filed another Answer to the Amended Complaint [Doc. 25]. The Answer filed on August 3 is nearly identical to the Answer filed on October 6, 2016.

The Court finds that Defendant Kniceley has otherwise defended this action and that entry of default is not appropriate. Defendant Kniceley has participated in the Rule 26 discovery plan and the report of the conference, he propounded discovery to the Plaintiff, and he has served Rule 26 Expert Witness disclosures. Further, it appears that the parties have agreed to proceed with depositions, including Defendant Kniceley's deposition, in June 2017.

The Plaintiff argues that Defendant Kniceley did not file a response to the original Complaint that was served in December 2015 and that the Answer, which was filed on behalf of Defendant Wyatt, was not filed until August 2016. The Court notes, however, that during that time, the parties participated in discovery and that on January 14, 2016, Defendant Kniceley filed a Complaint against Carl Osborne. Thus, the Defendant's defenses are of no surprise to the

Plaintiff and the Plaintiff was able to proceed with litigation in this case for over a year prior to bringing this issue before the Court.

Further, although the August 3 Answer to the Amended Complaint [Doc. 24] states that it was filed on behalf of Defendant Wyatt, upon review, it appears that it should have been filed on behalf of Defendant Kniceley.  For instance, although both Answers are nearly identical, the August 3 Answer, states as follows:  "The Defendant affirmatively avers that at all times material hereto, *he was driving* in a manner that was safe, prudent, reasonable, and lawful and with due regard for the rights and the safety of all drivers who were lawfully traveling on the roadway." [Doc. 24 at 4, ¶ 17].  The Answer filed on October 6, 2016, states, "Steven E. Kniceley was driving in a manner that was safe, prudent, reasonable, and lawful and with due regard for the rights and the safety of all drivers who were lawfully traveling on the roadway."  [Doc. 25 at 4, at ¶ 17]. Accordingly, the Court finds the Plaintiff's Request for Entry of Default not well-taken.

At the hearing, the Plaintiff argued that the proper procedure was for the default to be entered, Defendant Kniceley could move to set aside the default, and then the parties could proceed to argue the merits of setting aside the default. [Doc. 58 at 21].  The Court finds this procedure to be unnecessary, especially since the parties have already briefed the factors to consider when setting a default aside and the Court declines to enter a default.  *See* Fed. R. Civ. P. 1 (explaining that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  In addition, the trial in this matter is set for August 1, 2017, and the parties need to work expeditiously to prepare this case for trial.  Further, even if a default was entered against Defendant Kniceley, it is well-established that courts favor resolving cases on the merits.  *See United States v. $22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (explaining that the Sixth

Circuit has exhibited a general policy of being "extremely forgiving to the defaulted party and [that it] favors a policy of resolving cases on the merits instead of on the basis of procedural misstep"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (explaining that that courts have a strong belief in adjudicating matters on the merits).

Finally, as mentioned above, in response to the Plaintiff's Request for Entry of Default, Defendant Kniceley filed an Answer [Doc. 42]. The Plaintiff moved to Strike the Answer because Defendant Kniceley did not obtain leave of Court and the Plaintiff's Request for Entry of Default was pending.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Defendant Kniceley did not have the Plaintiff's consent to file the Answer; however, Defendant Kniceley did request leave of Court to file [Doc. 47 at 8], albeit after the Answer had already been filed. As noted above, however, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court declines to strike the Answer.[2]

---

[2] The Court notes that as a practical matter, even if the Answer was stricken, Defendant Kniceley would be required to file another answer once the Plaintiff files his Amended Complaint.

### III.   CONCLUSION

Accordingly, for the reasons explained above, the Court finds as follows:

(1) The Plaintiff's Motion to Amend [**Doc. 37**] is **GRANTED**. The Plaintiff shall file his Amended Complaint as his operative pleading in CMC/ECF on or before **May 26, 2017**;

(2) The Request for Entry of Default [**Doc. 40**] is **DENIED**;

(3) The Motion to Strike Answer of Defendant Steven Kniceley [**Doc. 46**] is **DENIED**; and

(4) Defendant Kniceley's Supplemental Objection and Response in Opposition to Request for Entry of Default, Motion to Amend Answer to Amended Complaint or in the Alternative Motion for Enlargement of Time to File Answer to Amended Complaint [**Doc. 47**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge