UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARL C. OSBORNE, Surviving Spouse and ) <br> Next of Kin of Deceased, JANICE K. OSBORNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN E. KNICELEY and ) <br> GILBERT WYATT, ) <br> ) <br> Defendants, ) <br> _____ ) <br> ) <br> STEVEN E. KNICELEY and ) <br> TARA KNICELEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CARL C. OSBORNE, Surviving Spouse and ) <br> Next of Kin of Deceased, JANICE K. OSBORNE, ) <br> and GILBERT WYATT, ) <br> ) <br> Defendant. ) | No. 3:16-CV-4-PLR-HBG <br><br> *Lead Case Consolidated with* <br><br><br><br><br><br><br><br><br><br> No. 3:16-CV-24-PLR-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Order Compelling Discovery [Doc. 51]. In his Motion, Defendant Carl Osborne states that he served the Plaintiffs with discovery requests on July 13, 2016, and that the discovery requests remain unanswered. Further, the Motion states that Defendant Osborne's counsel conferred in good faith with Plaintiffs' former attorney, Jon Cope,

regarding the unanswered discovery. The Motion continues that Attorney Cope assured defense counsel that the responses would be forthcoming, but Defendant Osborne has not received the responses. Defendant Osborne requests his attorney's fees for filing the motion and an order compelling the Plaintiffs to respond to the outstanding discovery.

Plaintiff Steven Kniceley filed a Response [Doc. 53], stating that he served his discovery responses on March 2, 2017. He requests costs and attorney's fees for preparing his Response to the Motion. Subsequently, Defendant Osborne filed a Reply [Doc. 57] explaining that the discovery issue had been resolved with respect to Plaintiff Steven Kniceley and that the Motion as to Plaintiff Steven Kniceley is withdrawn, including the request for costs. Defendant Osborne submitted, however, that Plaintiff Tara Kniceley's discovery responses were still outstanding. Defendant Osborne requests that the Court enter an order compelling Plaintiff Tara Kniceley to respond to the Interrogatories and Requests for Production of Documents. Finally, based on Defendant Osborne's Reply, Plaintiff Steven Kniceley withdrew his request for attorney's fees and costs [Doc. 64].

As an initial matter, it appears that the issue with respect to Plaintiff Steven Kniceley's discovery responses has been resolved. The Court notes, however, that Plaintiff Tara Kniceley has not responded to the Motion to Compel, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The Court hereby **ORDERS** Plaintiff Tara Kniceley to respond to the Interrogatories and Requests for Production of Documents on or before **June 12, 2017.** Further, the Court **ADMONISHES** Plaintiff Tara Kniceley that the failure to participate in discovery may lead to sanctions, including dismissal of her case against Defendant Osborne. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), (b)(2)(C), and (d)(3). Finally, it is unclear as to whether Defendant Osborne

is still seeking the costs of filing his Motion with respect to Plaintiff Tara Kniceley. Regardless, the Court declines to award costs because Defendant Osborne failed to comply with the procedure for resolving discovery disputes as outlined in the Scheduling Order [Doc. 7, § 3(i)]. Accordingly, the Motion for Order Compelling Discovery [**Doc. 51**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge